UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50735
Summary Calendar

_____

ELENA V. SAMMONS, M.D.,

Plaintiff-Appellant,

versus

TEXAS STATE BOARD OF MEDICAL EXAMINERS; LEE S. ANDERSON, M.D.;
JOSE BENAVIDES, M.D.; PETER CHANG, M.D.; WILLIAM H. FLEMING, III,
M.D.; DAVID E. GARZA, D.O.; THOMAS D. KIRKSEY, M.D.; PAUL G.
MEYER, M.D.; LARRY PRICE, D.O.; JOYCE ROBERTS, M.D.; VERNON L.
RYAN, MD.; R. RUSSELL THOMAS, JR., D.O.; JANET TORNELLI-MITCHELL,
M.D.; TEXAS STATE BOARD OF PHYSICIAN ASSISTANTS; BRUCE LEVY,
M.D., Executive Director of the Texas State Board of Physician
Assistants,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-99-CV-1236-HG)

_____

March 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:[*]

Dr. Elena Sammons, *pro se*, contests the dismissal of her
action against the Texas Board of Medical Examiners, the Texas
Board of Physician Assistants, and their board members. Her
complaint claimed that, under the Fifth Amendment, she, as a
medical school graduate, was unconstitutionally disqualified from

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

licensure as a physician assistant. *See* TEX. OCC. CODE § 204.153(a) (eligibility requirements for physician assistant). Because Sammons, proceeding *pro se*, sued a state agency and its members, her complaint was construed liberally as bringing a claim under the Fourteenth Amendment.

The district court adopted the magistrate judge's recommendation to grant defendants' FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and 12(b)(6) motion to dismiss for failure to state a claim.

Although the Appellees do *not* urge this point, it is quite *arguable* that, on appeal, Sammons' challenges only the district court's dismissal for failure to state a claim; her brief appears to fail to address the alternative basis for dismissal, that of ripeness. Of course, issues *not* briefed on appeal are deemed abandoned. *E.g., **Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, if the ripeness issue was *not* briefed, the district court's ruling that the complaint was *not* ripe would stand; and, even assuming *arguendo* Sammons' stated a claim, we would be required to affirm the dismissal on the alternative grounds of lack of ripeness. *Cf*. **Walker v. Thompson**, 214 F.3d 615, 624, 625 (5th Cir. 2000) (district court dismissed claim on procedural grounds and on merits; although procedural ruling was in error, failure to brief one of alternative grounds constituted abandonment on appeal, and therefore dismissal should be affirmed).

In any event, we conclude, *dubitante*, that the ripeness issue was preserved on appeal. Nevertheless, based upon our review of

the record, Sammons' claim lacks the requisite concreteness for an Article III case or controversy because it is abstract and hypothetical: Sammons has *not* applied for licensure as a physician assistant, *nor* taken advantage of the administrative appeals procedures. She has *not* been denied licensure. *Nor* has she produced sufficient evidence of an operative policy of exclusion. *See* **New Orleans Pub. Serv., Inc. v. Council of New Orleans**, 833 F.2d 583, 586 (5th Cir. 1987) (stating, in case in which plaintiff's request had *not* been denied, "[a] court should dismiss ... for lack of 'ripeness' when the case is abstract or hypothetical").

Accordingly, the dismissal is affirmed; but, the judgment is modified to make the dismissal *without prejudice* to Sammons' refiling an action following her applying for licensure as a physician's assistant and, should that license be denied, complying with the requisite administrative appeals procedure. *See, e.g.,* 22 TEX. ADMIN. CODE § 185.4 (procedure for physician assistant licensure); TEX. CODE ANN. § 2001.171 (person who has exhausted all administrative remedies is entitled to judicial review).

                                        *AFFIRMED; JUDGMENT MODIFIED*